IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

SAMUEL J. BRYAN                                                              PLAINTIFF

vs.                                  Civil No. 1:17-cv-01026

NANCY A. BERRYHILL                                       DEFENDANT
Acting Commissioner, Social Security Administration

## **MEMORANDUM OPINION**

Samuel J. Bryan ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his applications for Disability Insurance Benefits ("DIB"), Supplemental Security Income ("SSI"), and a period of disability under Titles II and XVI of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.**     **Background:**

Plaintiff protectively filed his disability applications on July 28, 2014 (DIB) and on February 28, 2015 (SSI). (Tr. 20). In his applications, Plaintiff alleges being disabled due to blindness in his left eye since birth, ulnar nerve dysfunction in his left arm, post-concussion syndrome, post-traumatic

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____" The transcript pages for this case are referenced by the designation "Tr."

arthritis, and migraine headaches. (Tr. 159). In both applications, Plaintiff alleged an onset date of September 24, 2000. (Tr. 20). These applications were denied initially and again upon reconsideration. (Tr. 39-57).

After Plaintiff's applications were denied, Plaintiff requested an administrative hearing on his applications, and this hearing request was granted. (Tr. 126). Plaintiff's administrative hearing was held on February 24, 2016 in El Dorado, Arkansas. (Tr. 441-473). During this hearing, Plaintiff and Vocational Expert ("VE") Charles Edward Smith testified. *Id.*

On March 29, 2016, after the administrative hearing, the ALJ entered a fully unfavorable decision denying Plaintiff's applications. (Tr. 17-34). The ALJ determined Plaintiff met the insured status requirements of the Act through March 31, 2007. (Tr. 22, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since September 24, 2000, his alleged onset date. (Tr. 22, Finding 2). The ALJ determined Plaintiff had the following severe impairments: reduced visual acuity in the left eye and mild cervical degenerative disk disease. (Tr. 22-27, Finding 3). The ALJ, however, also determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled any of the listed impairments or "Listings" in 20 CFR Part 404, Subpart P, Appendix 1. (Tr. 27-28, Finding 4).

The ALJ determined Plaintiff was thirty-eight (38) years old, which is defined as a "younger person" under 20 C.F.R. § 416.963(c) (2008) (SSI) and 20 C.F.R. § 404.1563(c) (2008) (DIB). (Tr. 448). As for his education, the ALJ determined Plaintiff had completed high school but had received no additional training beyond high school. (Tr. 449).

The ALJ then evaluated Plaintiff's subjective complaints and assessed his Residual Functional Capacity ("RFC"). (Tr. 17-34). After assessing his subjective complaints, the ALJ

2

determined his allegations were not entirely credible and found he retained the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c) with the exceptions listed herein. He can occasionally push/pull hand controls on the left; occasionally climb ramps/stairs; never climb ladders/ropes/scaffolds; never balance; never be exposed to hazards, such as unprotected heights, dangerous machinery, and operating motor vehicles; he could avoid ordinary hazards in the work place; he can perform work that does not require good depth perception; and he should not be exposed to extreme heat.

*Id*. The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 32-33, Finding 6). Based upon his RFC and PRW, the ALJ determined Plaintiff remained capable of performing his PRW as a cook helper and waiter because this "work does not require the performance of work-related activities precluded by the claimant's residual functional capacity." (Tr. 32-33, Finding 6). Based upon this finding, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from September 24, 2000 through the date of her decision or through April 1, 2016. (Tr. 33, Finding 7).

Thereafter, Plaintiff requested the review of the Appeals Council. On March 9, 2017, the Appeals Council denied this request for review. (Tr. 1-4). On April 18, 2017, Plaintiff filed his Complaint in this matter. ECF No. 1. The Parties consented to the jurisdiction of this Court on April 18, 2017. ECF No. 5. Both Parties have filed appeal briefs. ECF Nos. 13-14. This case is now ready for decision.

**2.** **<u>Applicable Law:</u>**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than

a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3)

whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.** **Discussion:**

In his appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record. ECF No. 13. Specifically, Plaintiff claims the ALJ erred by stopping her Analysis at Step Two and by "failing to assess . . . [his] . . . severe impairments, or the combination of his impairments." *Id.* ECF No. 13 at 1-19. Plaintiff's entire argument is centered around this claim that the ALJ improperly ended the Analysis at Step Two: "The ALJ presented an incomplete hypothetical in this case because he stopped his analysis at Step Two." ECF No. 13 at 17.

Based upon the Court's review of the record, Plaintiff's argument–that the ALJ stopped the Analysis at Step Two–is entirely incorrect. The ALJ proceeded through Step Two and actually ended the Analysis at Step Four, finding Plaintiff retained the capacity to perform his PRW. (Tr. 32-33, Finding 6). Thus, because this is the only issue Plaintiff raised, and this issue is entirely without merit, the Court finds Plaintiff has presented no basis for reversal in this case.

5

## 4. **Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is based on substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 25th day of May 2018.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE